UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CIRILO MARTINEZ-GARCIA, et al.,
and all others similarly situated

Plaintiffs,

v.                6:13-cv-43

PLANTATION SWEETS, INC. and
RONALD A. COLLINS,

Defendants.

## ORDER

Before the Court is the parties' Consent Order and FLSA Fairness Determination, which the Court construes as a motion to determine the fairness of the parties' proposed settlement. ECF No. 15. Because the Court finds the agreement fair, it *GRANTS* the parties' motion.

The parties' bring this motion pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-209. Because employers often have greater bargaining power than workers, "Congress made the FLSA's wage and hour limitations mandatory." *Marshall v. Good Vocations, Inc.*, No. 1:11-cv-200, 2013 WL 394389, at *1 (S.D. Ga. Jan. 31, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The FLSA's protections, therefore, "are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow

exceptional circumstances," the first of which is inapplicable here.[1] *Id.*

Exception number two permits settlements when employees bring an action against their employer under 29 U.S.C. § 216(b), as Plaintiffs did here. Plaintiff-workers in such suits may present proposed settlements to the district court, which may approve "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

When, as here, an employee-plaintiff has counsel, the adversarial context of the dispute provides some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* After fully reviewing Plaintiffs' complaint and the terms of the settlement, the Court finds the settlement fair and reasonable. The parties negotiated at arm's length with the benefit of representation; recovery is substantial; and it appears that recovery will not diminish because of attorney's fees. *See Marshall*, 2013 WL 394389, at *1.

---

[1] The FLSA's first exception involves actions brought by the Secretary of Labor, something absent from this suit.

The Court, however, will not retain jurisdiction to enforce the terms of this agreement. *See* ECF No. 15 at 2. The agreement is fair and it justifies dismissing Plaintiffs' claims against Plantation Sweets and Collins. But the parties do not need this Court to continue to exert its authority for five and a half years to enforce the agreement. If in the future Defendants default on their obligations under the settlement and Plaintiffs wish to enforce their contract rights, they may do so in a suit predicated on the settlement agreement, not the FLSA.

So, the Court *APPROVES* the settlement agreement as fair, ECF No. 15, but declines to retain jurisdiction. The parties' consent motion is *GRANTED* and all of Plaintiffs' claims against Plantation Sweets and Ronald Collins are *DISMISSED WITH PREJUDICE.* The Clerk is *DIRECTED* to close this case.

This 2 day of November 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CIRILO MARTINEZ GARCIA, et al.,

Plaintiffs,

v.

PLANTATION SWEETS, INC. AND
RONALD A. COLLINS,

Defendants.

CIVIL ACTION NO.: 6:13-cv-43

## Consent Order and FLSA Fairness Determination

Plaintiffs and Opt-In Plaintiffs in the above action and three (3) additional individuals, (Plaintiffs, Opt-in Plaintiffs and these three (3) individuals collectively referred to as "Claimants"), all of whose names are listed in paragraph 1 below, and Defendants in the above action, Plantation Sweets, Inc. ("Plantation Sweets") and Ronald A. Collins (collectively the "Defendants"), enter into this Consent Order to resolve this suit and their claims as detailed below.

1.      Claimants are: Antonio Almanza Valenzuela, Jose Jesus Bartolo-Vasquez, Ricardo Fabian Castro Martinez, Luis Alfredo Centeno Labra, Francisco Chavez Rubio, Apolinar Cruz Chavez, Eugenio Escamilla Bruno, Marcelino Franco Elias, Fabiola Fuentes Nieto, Eduardo Gachuz Gomez, Gabriel Gachuz Monter, Humberto Gachuz Monter, Genaro Gachuz Reyes, Jose Guadalupe Garcia Quintana, Carlos Alfredo Gomez Patiño, Luciano Gomez Patiño, Julio Hernandez Flores, Cirilo

Martinez Garcia, Alfredo Martinez Hernandez, Jose Francisco Martinez Tierrablanca, Alfredo Mendoza Perez, Hilario Perez Alvarado, Ivan Perez Larrieta, Jose Portillo Baro, Ivan Alejandro Prado Ochoa, Juan Ramirez, Jr., Ricardo Santillon Soto, and Gabriel Trejo Sanchez.

2. ~~It is understood and agreed that the Court shall enter this Agreement as a Consent Order and that the parties shall use their best efforts to obtain entry of this Agreement and Consent Order as a formal Order of this Honorable Court. The Defendants agree to submit to the jurisdiction of this Court for the purpose of allowing Claimants to enforce the terms of this Agreement concerning payment and concerning the rehire promises for crop seasons beginning in the spring 2015 through the spring 2019.~~

3. The Defendants stipulate to the entry of Judgment against Plantation Sweets and Ronald A. Collins in the following amount:

a. Twenty Five Thousand Two Hundred Dollars ($25,200.00) in favor of the twenty-eight (28) Claimants who are listed in paragraph 1 of this Consent Order.

b. Of this amount, Eight Thousand Eight Hundred Twenty Four Dollars and Sixty Cents ($8,824.60) shall be paid to the Plaintiffs and Opt-Plaintiffs to resolve claims of previously unpaid FLSA minimum wages as detailed in Attachment 1;

c. The payment of claimed FLSA minimum wages shall be made, less applicable withholdings for the employee's taxes and the employee's share of Medicare and FICA contributions;

d. Defendants shall also pay each Plaintiff and Opt-Plaintiff an amount equal to the amount paid as claimed unpaid minimum wages as claimed liquidated damages as



2

provided for in the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as detailed in Attachment 1;

e. The sum of Four Thousand Eight Hundred Fifty Dollars and Eighty Cents ($4,850.80) shall be paid to the Plaintiffs and Opt-in Plaintiffs who were employed as so-called H-2A workers pursuant to a visa made available to him under 8 U.S.C. § 1188 on the application of a farm labor contractor who provided services to Plantation Sweets to resolve all of their claims raised in this suit pursuant to that law and its regulatory provisions as detailed in Attachment 1.

f. The sum of nine hundred dollars ($900) less applicable withholdings for the employee's taxes and the employee's share of Medicare and FICA contributions on the employee's portion of payroll taxes of the amount in resolution of claims for wages under the FLSA shall be paid to the three (3) Claimants, Jose Portillo Baro, Juan Ramirez, Jr., and Ricardo Santillon Soto, who worked for a crew leader at Plantation Sweets and who claim they experienced violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*, in connection with such work to resolve their claims under that law. Of this sum, $225 is for claimed FLSA minimum wages, an equal amount is for claimed FLSA liquidated damages and the remaining $450 is for claimed liquidated damages under the Migrant and Seasonal Agricultural Worker Protection Act.

g. All other claims raised in the above captioned lawsuit including claims of contract violation are resolved whether or not the Claimant was ever made a formal Plaintiff or Opt-in Plaintiff in such action.

3



4.      All money due to be paid to each Claimant shall be paid within ten (10) business days

of the later of (a) the approval of this Honorable Court of this proposed Agreement

and Consent Order or (b) the tender to Plantation Sweets through its counsel of

appropriate tax documents under which payments to the respective Claimants, as

required by federal and state governmental agencies, can be accomplished by

Plantation Sweets and appropriate withholdings, social security and Medicare

payments can be made on behalf of U.S. workers who are Claimants in this matter,

with appropriate employee deductions also made and tendered.

5.      The parties understand among them that an inducement for the Claimants to enter into

this Agreement and Consent Order is the prospect of future lawful employment

within the United States.  Therefore, the Defendants agree that beginning with the

spring 2015 harvest season, Plantation Sweets will take all necessary and reasonable

steps to meet any needs for workers to engage in hand-planted or hand-harvest work

in melons, sweet corn, sweet potatoes, onions and/or tobacco, if such work will last

more than three (3) consecutive weeks, through what is known as the H-2A program

(as provided at 8 U.S.C. § 1188) or its substantially equivalent successor, if there be

any, by providing a timely job order under such program and using their best efforts

to obtain approval of such job order by the appropriate agency of the United States

Government.  It is understood that the parties contemplate that if Plantation Sweets or

its corporate successor, or Mr. Collins personally, should engage in farming as an

individual or through a different corporation that Mr. Collins owns or controls,

Defendants agree to hire and pay directly all hand-harvesting and hand-planting

workers and shall not rely on a farm labor contractor to provide such hand-planting or

4



hand-harvesting services through personnel on the farm labor contractor's payroll if any such work as described above shall last more than three (3) consecutive weeks. If Defendants hire hand-planting or hand-harvest workers via the H-2A program under this paragraph, Claimants shall be provided an opportunity for employment in the spring of 2015 under such terms and conditions as then in effect with respect to other employees similarly employed by Defendants or any corporation that either owns or controls.

6.  Defendants or their counsel will inform Claimants through their counsel of their preparation or filing of each H-2A job order at least 75 days in advance of the anticipated start date listed on the job order. If after spring of 2016 no Claimants have returned, this notice provision will no longer be effective.

7.  Neither Mr. Collins personally or Plantation Sweets shall transfer assets of either to a wife, child or sibling of Mr. Collins ("close family member") or an entity belonging to such a close family member to avoid the obligations of this Agreement and Consent Order. The parties agree that no other right to transfer assets, including financial distress and/or in connection with estate planning of Mr. Collins, is affected by this Consent Order. This Consent Order will remain in effect for the stated period even if either Defendant transfers assets provided that either Defendant retains operational control, conducts any farming operations, or resumes any farming operations during the period set forth in paragraph 2.

8.  The Claimants in this matter who wish employment as provided for under this Agreement and Consent Order in the spring of 2015 shall so inform the Defendants through Claimants' counsel at Georgia Legal Services who shall timely provide such



information to counsel for the Defendants of the respective Claimants' desire, if

employment becomes available as provided for under this Agreement and Consent

Order, no later than fifty-five (55) days before the expected work start date. In the

event that Dawson Morton or Leah Lotto is unavailable to Claimants, Claimants may

provide such notice through any other attorney of Georgia Legal Services, who shall

so inform the Defendants' counsel Ann Margaret Pointer by email to

apointer@laborlawyers.com, with a copy to Walter J. Kruger at

wkruger@laborlawyers.com and Julie Loring at jloring@laborlawyers.com. Counsel

may provide each other notice of substitution of counsel for these purposes at any

time by email, and counsel receiving notice of such change shall promptly

acknowledge receipt of such notice. Notice of a Claimant's desire for employment

under this Consent Decree shall not be deemed to have been made to Defendants until

acknowledged by Defendants' counsel, which shall be promptly provided by one or

more of Defendants' counsel.

9.    For Claimants hired in the spring of 2015, future employment shall also be available

to them, if hand-planting or hand-harvesting workers are needed for any consecutive

period of three (3) or more weeks, provided Claimants' work performance and

compliance with applicable rules during employment pursuant to this Consent Order

was satisfactory, and provided that either Defendant's application to participate in a

temporary work visa program is approved. For Claimants who do not ask for rehire

in the Spring of 2015, they may do so for the fall of 2015 season, if a separate job

order is filed, or the spring 2016 season under the same terms and procedures as

described above. Their eligibility for employment in any subsequent season through

the expiration of this Agreement and Consent Order shall be determined on the same basis as those who apply to work and work during the 2015 season. The obligations of this Agreement and Consent Order shall expire after the Spring 2019 season.

10.     This Agreement and Consent Order constitutes the entire Agreement between and among the parties, and no change or additional term shall have any force or effect unless written and signed by counsel for all parties or by the parties themselves and entered by the Court. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist.

11.     Defendants claim that disastrous weather-related and other crop and market conditions affected the operations and financial status of Plantation Sweets and Mr. Collins personally. Defendants also claim that they do not admit any wrongdoing and state that they enter into this Consent Order to avoid the expenses and inconveniences occasioned by litigation and other claims made by or on behalf of Claimants.

12.     In consideration of the monetary and non-monetary provisions of this Agreement and Consent Order, Claimants and the Defendants resolve their disputes and agree to dismissal of the above lawsuit with prejudice, with the respective parties to bear their own attorneys' fees and costs in connection with this matter.

13.     This Agreement and Consent Order is to be construed and governed under the laws of the State of Georgia and shall bind the parties and their respective heirs, estates, successors and assigns. The release provisions of this Agreement and Consent Order provide a full and complete release to all officers, directors, employees, close family members, and agents of Plantation Sweets and Mr. Collins except for Dahlia Guerrero, Maria Perez, and Narciso Perez. The parties specifically agree that if this



settlement agreement and release as memorialized in this Agreement and Consent

Order is not approved as fair and reasonable under the requirements of *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350 (11ᵗʰ Cir. 1982) and other relevant

authority, then it is void, and the Defendant shall respond to the Complaint in the

above action within ten (10) days of the determination by this Court that this

Agreement and Consent Order may not be entered unless either Claimants or

Defendants ask for the appointment of a Federal Magistrate Judge to serve as

mediator and settlement facilitator, in which case this action shall be stayed for thirty

(30) days after any such determination.

14.    Respective counsel for the parties have express authority to enter into this Agreement

and Consent Order on behalf of their respective clients pursuant to O.C.G.A. § 15-19-

5.

Having reviewed this settlement proposal and reasons therefore including the

representations of counsel and upon a determination that the settlement is fair and reasonable

under applicable authority, IT IS THEREFORE ORDERED that the foregoing terms and

conditions of this Agreement be, and the same are, hereby approved and incorporated fully into

this Consent Order.

SO ORDERED this *2Ƨ* day of ____*Nov*____, 2013.

_____
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Respectfully submitted and consented to this 25th day of November, 2013.

8

_/s Dawson Morton_
Dawson Morton
Counsel for Plaintiffs
Ga. Bar No. 525985
Georgia Legal Services Program
104 Marietta Street, Suite 250
Atlanta, GA 30303
Tel: (404) 463-1633
dmorton@glsp.org

Ann Margaret Pointer
Counsel for Defendants
Ga. Bar No. 582750
Fisher & Phillips, LLP
1075 Peachtree St. NE, Suite 3500
Atlanta, GA 30309
Tel: (404) 240-4223
apointer@laborlawyers.com